622

(No. 76-CC-0951 — 

L. S. LOWENTHAL, M.D., Claimant, *v* STATE OF ILLINOIS, Respondent.

*Order filed January 29, 1979.*

HOLDERMAN, J.

This matter comes before the Court on a claim filed by Claimant who was a part-time physician two days per week at the Illinois Department of Corrections in Pontiac, Illinois and at the same time was lessor of office space to the Secretary of State's office in Pontiac, Illinois.

Respondent's motion to dismiss sets forth that the Comptroller refused payment of this claim on the grounds that the lease under which this claim is made was "void", pursuant to Section 11.1 of the "Illinois Purchasing Act" *(Ill. Rev. Stat., Ch. 127, para. 132.11-1).*

The record discloses that Claimant had leased the office space in question to the Secretary of State for approximately seven years before he came to be employed by the Department of Corrections as a part-time physician. The Secretary of State began leasing Claimant's office space on July 1, 1967, at which time Claimant was not employed by the State. This lessor-lessee relationship continued through September 30, 1975, at which time the Secretary of State vacated said office space. The Claimant did not become an employee of the State until September 19, 1974, seven years after the Secretary of State began leasing his office space.

Under date of December 5, 1974, the Secretary of State wrote a letter to Claimant stating that there could

be a conflict of interest if a lease were entered into but that they desired to use the premises on a month-to-month basis with monthly payments being made for rent.

Claimant, in his objections to respondent's motion to dismiss, cites the case of *Mersinger v. State, 24 Ill.Ct.Cl., 312,* which held that authorized work on a contract, originally illegal and later authorized by a State officer who had authority to do so, can be paid.

In the present case, we have the State of Illinois soliciting the owner of the property for the privilege of continuing in that office space until a new space could be found. It would be difficult to see how the part-time position of a prison doctor could in any manner, shape of form affect the rental of the premises in question.

Motion to dismiss is denied and an award entered in favor of Claimant in the amount of $600.00.